## John F. Ross & others *vs.* Town Council of North Providence.
## John L. Ross & others *vs.* Same.

A husband of a woman who has had children by her has an estate in her land which entitles him to compensation during her life if her land is taken or condemned by a town council for a highway, and also to an appeal after her death from the doings of the town council in taking or condemning her land, if aggrieved thereby.

*Martin & Goff* v. *Pepall*, 6 R. I. 92, referred to and reaffirmed.

The children and heirs at law of a woman whose land has been so taken or condemned, and who dies before the expiration of the time allowed for an appeal, may appeal from the doings of the town council in respect of the land so taken or condemned, by virtue of chap. 176, § 15, of the Revised Statutes. Whether the right would not survive to them independently of the said statute, *quære*.

Two APPEALS to the Court of Common Pleas for the county of Providence, from the proceedings of the town council of the

town of North Providence, ordering the layout of a new highway from the terminus of Fountain Street in said town, to the city of Providence, and adjudging damages thereon. The two cases were tried together, by agreement, in the Court of Common Pleas, at its December Term, 1871, before Mr. Justice *Burges* and a jury, when the jury returned a verdict that the highway was necessary, and assessed damages for the appellants in the sum of sixteen hundred dollars. Both appellants and appellees took exceptions to the rulings of the court, which are set forth in the opinions of this court upon the exceptions respectively taken.

*Browne & O. Lapham*, for John F. and John L. Ross and others, appellants.

*Blodgett*, for appellees.

The following opinion was delivered upon the exceptions taken by the appellants.

Durfee, J. These are appeals from the doings of the town council of North Providence, in the laying out of a highway in that town. The two appeals were by agreement tried together in the Court of Common Pleas, and they came before us upon exceptions to certain rulings of that court. On the trial it appeared that the highway in question was laid out in part upon land which, at the time of the layout, belonged to Susan A. Ross, and that she having died, the appeal was taken by her children and heirs at law, two of the reasons assigned for the appeal being that " due notice was not given in accordance with the statute," and that the committee " made no attempt, nor gave any opportunity to these appellants nor to their mother, from whom they derive their title, to agree for the damages sustained." It also appeared that in the proceeding by the town council there was not any notice issued to the said Susan A. Ross, or served upon her, and that there was nothing of record to show that she had appeared either in person or by attorney to take any part in the proceeding, or had been in any way recognized as a party interested, her husband, John L. Ross, being named in the plat returned by the committee as the owner of her land. There was evidence, however, which the appellees claim would warrant the jury in finding that the said Susan had notice in fact of the proceeding, and that her husband acted in her behalf. The counsel for the appellants requested the court to charge the jury that un-

less it appeared by the citation or notice issued by the town council and the return of the officer thereon that said Susan was notified, the proceedings of the town council would be void as to her, and their verdict must be for the appellants. The court refused so to charge, and did charge the jury that if they were satisfied that Mr. Ross appeared before the town council and assumed to act for her, or that in any other way she had actual notice of the proceeding, they should take it to be true that she had had sufficient notice under the statute. To this charge exception was taken by the appellants.

The question which has been argued to us as the question which is raised by the exception is, whether in such a proceeding, when no formal notice has been given and the record does not show any appearance, proof of actual notice is sufficient. The counsel for the appellees contends that such notice was sufficient, and that if it was insufficient the insufficiency has been waived by the party, and cites several cases which he claims support this view. The cases most in point among these are certain Massachusetts cases in which the court hold that a petition for a writ of *certiorari*, being a petition which is addressed to the discretion of the court, will not be granted for the purpose of quashing a proceeding to lay out a highway, on account of the want of formal or official notice, in favor of a party who has had actual notice, where he has received substantial justice or where great injustice would result to the respondent from the granting of the writ. The case before us is not a petition for a writ of *certiorari*, but an appeal taken directly from the doings of the town council, the want of due notice being assigned as one of the reasons of appeal; and in such a case we are not prepared to hold, upon the authority of the Massachusetts cases, that proof of actual notice, or of knowledge casually obtained, is sufficient. We cannot suppose that a notice or knowledge thus casually received by a party to whom no notice is issued, is the kind of notice which is contemplated by the statute. To hold that a party can be bound by such a notice, the existence of which may be inferred by the jury from proof of circumstances, would be very dangerous. Besides, notice to the parties in interest is a necessary step in the proceeding, without which the town council has no jurisdiction; and it is the rule, in relation to a court or

tribunal of limited jurisdiction, that the record shall show affirm-
atively that every such step has been duly taken, or that the
party in whose favor the step is required has either expressly or
impliedly waived it.   But in this case the record not only does not
show affirmatively that the notice was either given or waived;
it does not even name the party entitled to the notice; but con-
demns her land as being the land of another.   It would be incon-
sistent with the first principles of judicial proceeding to sustain
the validity of such a judgment.

We think the charge to the jury was erroneous and that the
exceptions should be sustained.          *Exceptions sustained.*

Upon the exceptions taken by the appellees, the following
opinion, in which the exceptions are stated, was delivered.

DURFEE, J.   Upon this bill of exceptions two questions have
been presented to us by the appellees for decision, a third ques-
tion which is raised by it having been waived.   The first ques-
tion is, whether the husband of a woman who has had children
by her has such an estate in the land of his wife that he is en-
titled to compensation in case the land is taken or condemned for
a highway, and whether, after the death of his wife, he is en-
titled to appeal from the doings of the town council in taking or
condemning the said land.   We answer the question affirma-
tively.   He has an estate which entitles him to compensation
during the life of his wife, and to an appeal, after her death, from
the doings of the town council if he is aggrieved by them.   And
see *Martin & Goff* v. *Pepall*, 6 R. I. 92.

The second question is, whether the children and heirs at law
of a woman whose land has been so taken or condemned, and who
dies after the action of the town council thereon, and before the
expiration of the time allowed for an appeal, are entitled to take
and prosecute an appeal from the doings of the town council in
respect to the land so taken or condemned.   We think they have
the right by the express provision of Rev. St. c. 176, § 15, even
if, independently of this provision, the right would not have sur-
vived to them.

The rulings of the Court of Common Pleas were in conformity
with these views, and therefore the exceptions must be overruled.
                                        *Exceptions overruled.*

The court having sustained the appellants'.exceptions so far as to decide that no legal and sufficient notice, as required by Rev. Stat. chap. 43, § 7, had been given to Mrs. Susan A. Ross, the cases now came before the court upon the question, what decree should be entered, which was argued by *Browne & O. Lapham*, for the appellants, and by *Blodgett*, for the appellees.

DURFEE, J. There was no irregularity in this proceeding down to a certain point. The irregularity began with the committee who neglected to confer with Mrs. Ross, for the purpose of agreeing with her in regard to the damages, and was continued by the town council who neglected to give her the notice to which she was entitled. We see no reason why the proceeding should not be allowed to stand, down to the point at which the first irregularity occurred.

Another question is whether it is necessary to quash the entire proceeding back to that point, or whether it will not be sufficient to quash the proceeding in regard to those who are affected by the irregularity and allow it to stand as to all others. It would be possible to allow the proceeding to stand as to persons not affected by the irregularity, if the proceeding was severable, so that different decrees might be made for different persons. But there is only one decree, and any person appealing from that decree brings up the entire proceeding, and may raise the question, not only in regard to the damages which he is entitled to have if the highway be established, but also in regard to the necessity of its establishment. We therefore think that the proceeding must be quashed as a whole, and be sent back to be proceeded with *de novo* from the point at which the first irregularity occurred.

*Decree accordingly.*